**William D. HURST, Plaintiff,**

v.

**The UNITED STATES POSTAL SERVICE, Defendant.**

No. 76CV626–W–2.

United States District Court, W. D. Missouri, W. D.

March 26, 1980.

David A. Taylor of Taylor & Murphy, Kansas City, Mo., for plaintiff.

E. Eugene Harrison, Asst. U. S. Atty., Kansas City, Mo., for defendant.

## ORDER ON PENDING MOTIONS

COLLINSON, District Judge.

This is an action in three counts that arose when plaintiff was discharged from the United States Postal Service. Count I of plaintiff's complaint seeks review of the Postal Service's decision to discharge plaintiff. Count II is a direct action under the first amendment for violation of plaintiff's federal constitutional rights. Count III is a direct action under the Missouri constitution for violation of plaintiff's State constitutional rights. The facts and procedural history of this case are fully set forth in this Court's Judgment entered October 27, 1977 and the Court of Appeals Opinion filed October 25, 1978. They will not, therefore, be repeated here. After remand from the Court of Appeals, this Court held an evidentiary hearing on two separate, but related questions: 1) whether plaintiff's discharge was arbitrary, capricious, or an abuse of discretion within the meaning of 5 U.S.C. § 706(2)(a) (1976); and 2) whether plaintiff's discharge violated his first amendment rights. The evidentiary hearing, which included proof only on the issue of

872

liability, was held on September 20, 1979. The parties have now filed cross-motions for summary judgment and have briefed their respective positions.

 There exists no dispute concerning the reason why plaintiff was discharged from the Postal Service. On November 28, 1970, plaintiff mailed an insulting letter to then President of the United States, Richard M. Nixon. The letter contained no actual threats, but did contain a great deal of profanity. The November 28, 1970 letter also contained criticism of President Nixon's policies concerning racial minorities in the United States. This Court has no doubt that plaintiff's November 28, 1970 letter is a form of speech that is protected by the first amendment. *Givhan v. Western Line Consol. School Dist.*, 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979); *Papish v. Board of Curators of University of Missouri*, 410 U.S. 667, 93 S.Ct. 1197, 35 L.Ed.2d 618 (1973); *Cohen v. California*, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971). The United States *as sovereign* could not, therefore, punish plaintiff for writing the November 28, 1970 letter. *Garrison v. Louisiana*, 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964). On the other hand, this Court has no doubt that, if he were employed by a private employer instead of the Postal Service, plaintiff could have properly been discharged for writing the November 28, 1970 letter. *Connecticut State Federation of Teachers v. Board of Education Members*, 538 F.2d 471, 478 (2d Cir. 1976). The question presented here is whether the United States, *as employer* can discharge plaintiff for activity that is clearly protected by the first amendment.

This Court recognizes that the first amendment limitations on the United States *as employer* are measurably less than the first amendment limitations on the United States *as sovereign*. The Supreme Court first identified this distinction in *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968) (hereinafter *Pickering*), where the Court stated:

[I]t cannot be gainsaid that the State has interests as an employer in regulating the speech of its employees that differ significantly from those it possesses in connection with regulation of the speech of the citizenry in general. The problem in any case is to arrive at a balance between the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.

*Pickering, supra*, 391 U.S. 563, 568, 88 S.Ct. 1731, 1734-5, 20 L.Ed.2d 811 (1968). In *Pickering* the Court went on to hold that a public employee may not be discharged for criticizing his ultimate employer, even when the criticism includes false statements, unless the criticism can be shown to either impede the employee's performance of his normal duties or to interfere with the regular operation of the public entity. *Pickering, supra* at 572-73, 88 S.Ct. at 1736-37. That standard is virtually identical to the one which must be met before a federal employee can be discharged for conduct that includes speech. *Arnett v. Kennedy*, 416 U.S. 134, 162, 94 S.Ct. 1633, 1648, 40 L.Ed.2d 15 (1974).

 This Court has carefully reviewed the administrative record in this case, including all documents offered by the Postal Service at the September 20, 1979 hearing. During that review, this Court has not found *any* evidence that would support a finding that plaintiff's November 28, 1970 letter either "improperly damage[d] and impair[ed] the reputation and efficiency of the employing agency," *Arnett v. Kennedy*, 416 U.S. 134, 162, 94 S.Ct. 1633, 1648, 40 L.Ed.2d 15 (1974), or "in any way . . . impeded the [plaintiff's] performance of his daily duties . . . or . . . interfered with the regular operation of the [governmental employer]." *Pickering, supra*, 391 U.S. 563, 572-73, 88 S.Ct. 1731, 1737, 20 L.Ed.2d 811 (1968). This Court must conclude, therefore, that the interest of the government in promoting the efficiency of the Postal Service was not furthered by discharging plaintiff for writing his No-

vember 28, 1970 letter. *Pickering, supra*, 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968). In addition, in this case, the fact of plaintiff's employment as a Postal Service worker is, as in *Pickering, supra*, only "tangentially and insubstantially involved" with the November 28, 1970 letter. The letter did not include any complaints concerning his employment, nor did the letter mention plaintiff's status as a Postal Service employee. On these facts, and for the purpose of balancing plaintiff's interest as a citizen in commenting on matters of public concern, this Court concludes, therefore, "that it is necessary to regard [plaintiff] as the member of the general public he seeks to be." *Pickering, supra*, at 574, 88 S.Ct. at 1738. Thus, since the government has not established that any legitimate interest was furthered by discharging plaintiff, and since plaintiff's interest in commenting upon matters of public concern is, in this instance, virtually co-equal with the interest of private citizens, this Court finds that the balance of competing interests in this case tips in favor of plaintiff. *Pickering, supra*, 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968). Accordingly, this Court holds that the Postal Service exceeded its discretion when it discharged plaintiff for writing the November 28, 1970 letter. 5 U.S.C. § 706(2) (1976). Plaintiff's motion for summary judgment on Count I will, therefore, be granted.

■ Counts II and III of plaintiff's complaint are based upon alleged violations of his federal and State constitutional rights. In Count II of his complaint, plaintiff seeks relief, including actual and punitive damages, for violation of his first amendment rights. Since Congress has not created a cause of action against the Postal Service or the United States for redress of constitutional violations, plaintiff apparently brings Count II as a direct action under the first amendment. On these facts, however, this Court refuses to imply a direct cause of action under the first amendment. *Neely v. Blumenthal*, 458 F.Supp. 945, 960 (D.D.C. 1978). The existing remedies available to plaintiff are, as shown by this case, com-

pletely adequate to vindicate any wrongs committed by the Postal Service. The additional remedy of a direct action under the first amendment is, therefore, simply unnecessary. *Neely v. Blumenthal*, 458 F.Supp. 945, 960 (D.D.C.1978).

Count III of plaintiff's complaint is based on alleged violations of plaintiff's State constitutional rights. As discussed in connection with Count II of plaintiff's Complaint, this Court also refuses, on these facts, to imply a direct cause of action under the Missouri Constitution. Moreover, this Court is not convinced that, absent Congressional consent, the Postal Service or the United States is subject to an action for damages under the laws of any State. *See, e. g.*, 28 U.S.C. § 2671 (1976). Accordingly, since this Court refuses to imply a direct cause of action under either the first amendment or the Missouri Constitution, defendant's motion for summary judgment on Counts II and III will be granted.

■ In Count I of plaintiff's Complaint, which, as discussed above, is the only count on which this Court finds for plaintiff, plaintiff seeks back pay from the date of his discharge, reinstatement, punitive damages, and attorney's fees. Plaintiff's request in Count I for punitive damages must be denied. The Administrative Procedure Act, 5 U.S.C. § 500 *et seq.* (1976), upon which plaintiff's Count I is based, permits only limited review of agency action by federal courts and permits only the granting of equitable relief. The Administrative Procedure Act does not permit a court to award punitive damages. *Armstrong et al. v. United States*, 356 F.Supp. 514 (E.D. Wash.1973), *affirmed* 514 F.2d 402 (9th Cir. 1975). The parties have not briefed their respective positions on the remaining relief requested by plaintiff in Count I. This Court will, therefore, direct the filing of suggestions on that point.

■ Finally, plaintiff has filed two motions that must be ruled at this time. On September 20, 1979, plaintiff filed a motion to amend his complaint to increase the amount that he may recover under Count I

in the form of back pay. In the interest of justice, that motion will be granted. On December 7, 1979, plaintiff also filed a motion to strike the Postal Service's laches defense to plaintiff's prayer for back pay. That motion will be denied. In determining the amount of back pay that will be awarded, this Court will certainly consider the extreme delay between the time plaintiff exhausted his administrative remedies and the date he commenced this action. *Frommhagen v. United States*, 573 F.2d 52 (Ct.Cl.1978).

For the reasons set forth above, it is

ORDERED that, as set forth more fully above, plaintiff's motion for summary judgment, filed October 10, 1979, be, and hereby is, granted as to Count I of his amended complaint and is denied in all other respects; and it is

ORDERED that defendant's motion for summary judgment, filed December 7, 1979, be, and hereby is, granted as to Counts II and III of plaintiff's amended complaint and is denied in all other respects; and it is

ORDERED that the parties file, within 20 days of this Order, suggestions concerning the remedies available to this Court, including the possible remedy of remanding this action to the Postal Service for a determination of the relief that should be granted, under Count I of plaintiff's complaint; and it is

ORDERED that plaintiff's motion to file an amended complaint be, and hereby is, granted; and it is

ORDERED that plaintiff's motion to strike defendant's laches defense be, and hereby is, denied.